UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANHTONY SCOCOZZO,

    Petitioner,

v.                                  Case No. 3:23-cv-1009-TJC-JBT

SCOTT RHODEN,

    Respondent.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, Anthony Scocozzo, a pretrial detainee at the Baker County Pretrial Detention Facility, initiated this case by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in pretrial custody for a pending state court criminal case in which the state of Florida is prosecuting Petitioner for two counts of aggravated stalking, written threats, and resisting officer without violence in State v. Scocozzo, No. 02-2022-CF-000069 (Fla. 8th Cir. Ct.).[1]

Petitioner alleges (1) he is being held in state custody because his bond was revoked pending Florida state court charges, and (2) he is being held for

---

[1] The Court takes judicial notice of Petitioner's state court criminal dockets. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'").

extradition to Pennsylvania for pending Pennsylvania state charges.[2] Doc. 1-1 at 1. According to Petitioner, he seeks to challenge the legality of the Pennsylvania extradition hold under § 941.10, Florida Statutes. Id. at 1-2. He also appears to challenge the facts underlying the pending state charge in Pennsylvania. Id. at 3. He argues (1) there is no probable cause to support the Pennsylvania charges; and (2) no probable cause warrants Petitioner being labeled as a "fugitive" because he was in good standing until he was arrested in Baker County. Id. at 4. As relief, he requests that the Court permit him to challenge the Pennsylvania extradition hold or order his release from the Baker County Jail, so he can "fight the Florida and Pennsylvania charges concurrently." Id. at 1.

The Petition is due to be dismissed for two reasons. First, the purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody violates the Constitution or laws and treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). Here, Petitioner cites no federal statute or law, and he has not alleged a breach of a federal constitutional mandate. Consequently, his allegation is not cognizable in this federal forum.

---

[2] The same day Petitioner filed this case, he filed another case under 28 U.S.C. § 2241 challenging the legality of his bond revocation for the Florida state charge. See Scocozzo v. Rhoden, No. 3:23-cv-1007-TJC-PDB (M.D. Fla.).

Second, under Florida law, Petitioner has various remedies available to challenge the alleged improper extradition proceedings, and federal challenges may be pursued only after those state remedies have been exhausted. See, e.g., Turner v. McNeil, No. 4:22cv102-MW-HTC, 2022 WL 1308047, at *4 (N.D. Fla. Apr. 4, 2022) (finding that Petitioner seeking federal habeas relief based on challenge to extradition procedure should have exhausted state remedies by petitioning for habeas in state court and by appealing the orders committing him to detention and denying him bail.), report & recommendation adopted by Turner v. McNeil, 2022 WL 1303333 (N.D. Fla. May 2, 2022). For instance, under § 941.10, Florida Statutes, Petitioner can file with the state court a writ of habeas corpus seeking review of an extradition order. While Petitioner contends he filed multiple grievances with the Baker County Jail "pursuant to 941.10," the Jail advised that he must seek that relief with the state court. Doc. 1-1 at 2. Petitioner alleges he then filed a petition with the state court in June 2023, but "it was ignored." Id. However, a review of Petitioner's state court docket shows no such motion was filed in June 2023. See Scocozzo, No. 2022-CF-000069. Thus, Petitioner has failed to exhaust his claims in state court.

To that end, the Court will not interfere with Petitioner's pending state court proceedings. If Petitioner wishes to challenge his alleged extradition detainer, he should file the appropriate motion with the state court, confer with

3

his court-appointed attorney, or voice his concerns with the state court at the next scheduled pretrial status hearing. As such, this case is due to be dismissed.

It is, therefore,

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of September, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Anthony Scocozzo

4